UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI PUTNAL,

    Plaintiff,

vs.

Case No.:

BEECHWOOD HOTEL GROUP, LLC
d/b/a HILTON GARDEN INN, LAKELAND

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LORI PUTNAL, by and through the undersigned counsel, sues Defendant BEECHWOOD HOTEL GROUP, LLC d/b/a HILTON GARDEN INN, LAKELAND ("Defendant"), and in support thereof states as follows:

## INTRODUCTION

Defendant misclassified an employee as exempt from the Fair Labor Standards Act in order to avoid liability for minimum wage and overtime. In doing so, they violated the Fair Labor Standards Act. Additionally, Defendant's failure to pay Plaintiff at the appropriate rate of pay constitutes common law conversion, and, pursuant to Florida law, Defendant is liable to pay damages and attorney's fees.

## PARTIES, JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act ("FLSA").

2. Venue is proper in this District because the company is located there.

3. Plaintiff resides in the District, and all damages suffered by the Plaintiff occurred within the District.

4. Defendant is a company that operates a hotel doing business as the Hilton Garden Inn, Lakeland.

5. At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. §203(e)(I).

6. At all times material hereto, Defendant was an enterprise engaged in commerce within the meaning of the FLSA.

7. At all times material hereto, Defendant was an employer within the meaning of the FLSA.

8. Upon information and belief, Defendant is subject to the FLSA pursuant to enterprise coverage because the annual gross revenue of Defendants exceeded more than $500,000 per year during the relevant time periods.

9. Upon information and belief, Defendant is engaged in interstate commerce, as it accepts payments from out of state, and utilizes the services of out-of-state enterprises.

10. All conditions precedent to the filing of this action have been performed.

## **GENERAL ALLEGATIONS**

11. From April 2018 through August 2018, Plaintiff was employed by Defendant as a full-time "manger." She was paid a salary of $730.80 per week.

12. Plaintiff was regularly and consistently required to work well in excess of 40 hours per week. Despite her classification as a "manager," Plaintiff's duties did not include managing any part of the enterprise. Plaintiff was not at all involved in hiring employees, terminating employees or evaluating employees. Plaintiff's duties did not include the exercise of discretion or independent judgment with respect to mattes of significance. Nor did Plaintiff's performance of

2

her duties require advanced knowledge, was not predominantly intellectual in character, or require the consistent exercise of discretion or judgment.

13. Plaintiff's duties were mostly manual labor. She tended bar, assisted with set up, cleaning and serving at banquets, helped with laundry in housekeeping, waited tables, cooked and prepped food, and helped clean the dining area and restaurant, including employee bathrooms.

14. Despite this, Defendant did not pay Plaintiff the appropriate minimum wage for all of the hours that she worked, nor was she paid overtime for hours worked in excess of 40 per week.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT:
## FAILURE TO PAY MINIMUM WAGE

15. Plaintiff re-adopts and alleges paragraphs one (1) through seventeen (14) as if fully set forth herein.

16. This is an action for failure to pay minimum wage, as prohibited by the Fair Labor Standards Act, 29 USC §206.

17. Although classified as a manager, Plaintiff did not perform any executive, administrative or professional duties. Rather she mostly performed manual labor. Accordingly, Defendant misclassified Plaintiff, and, since she was an employee, Defendant was required to pay her the applicable minimum wage for all hours worked.

18. Defendant failed to pay Plaintiff the prevailing minimum wage and for all the hours that she worked, and Plaintiff was damaged accordingly.

19. Defendant failed to timely correct its violations after having been put on notice of same, and thus these violations were willful.

20. Plaintiff is entitled to an award of all unpaid wages earned, plus an equal amount as liquidated damages, as well as attorney's fees, costs, and pre-judgment interest.

**WHEREFORE** Plaintiff Lori Putnal demands judgment against Defendant as follows:

A. for the payment of all hours worked by Plaintiff for which Defendant did not pay her at least the prevailing minimum wage, plus an equal amount in liquidated damages;

B. Pre-judgment interest;

C. Attorney's fees and costs; and

D. Any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT:
## FAILURE TO PAY OVERTIME

21. Plaintiff re-adopts and alleges paragraphs one (1) through seventeen (14) as if fully set forth herein.

22. This is an action for failure to pay overtime, as prohibited by the Fair Labor Standards Act, 29 USC §207.

23. Although classified as a manager, Plaintiff did not perform any executive, administrative or professional duties. Rather she mostly performed manual labor. Accordingly, Defendant misclassified Plaintiff, and, since she was an employee, Defendant was required to pay her overtime at one-and-a-half times her regular rate of pay for all hours worked in excess of 40 hours per week.

24. Defendant failed to pay Plaintiff overtime at one-and-a-half times her regular rate of pay for all weeks that she worked in excess of 40 hours, and Plaintiff was damaged accordingly.

25. Defendant failed to timely correct their violations after having been put on notice of same, and thus these violations were willful.

26. Plaintiff is entitled to an award of all unpaid overtime hours earned, plus an equal amount as liquidated damages, as well as attorney's fees, costs, and pre-judgment interest.

**WHEREFORE** Plaintiff Lori Putnal demands judgment against Defendant as follows:

A. for the payment of all hours worked by Plaintiff in excess of 40 hours per week, plus an equal amount in liquidated damages;

B. Pre-judgment interest;

C. Attorney's fees and costs; and

D. Any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## CONVERSION (STATE LAW)

27. Plaintiff re-adopts and alleges paragraphs one (1) through seventeen (14) as if fully set forth herein.

28. From March 2018 through August 2018, Plaintiff performed services for Defendant. Defendant accepted the benefit of these services, and did not dispute her entitlement to payment for them. Accordingly, Plaintiff was entitled to receive wages for all hours of services rendered.

29. Defendant converted Plaintiff's wages by wrongfully retaining them and failing to pay all sums that were due to Plaintiff, and Plaintiff has been damaged accordingly.

30. Conversion, in the context of unpaid wages, constitutes "wage theft." Pursuant to Florida Statute 448.08, a plaintiff is entitled to an award of attorney's fees in a case involving wage theft. Accordingly, Plaintiff is entitled to an award of attorney's fees from Defendant.

**WHEREFORE**, Plaintiff Lori Putnal demands judgment against Defendant as follows:

A. For all unpaid wages from April 2018 through August 2018;

B. Pre-judgment interest;

C. Attorney's fees and costs pursuant to Florida Statute 448.08; and

D. Any and all further relief that the Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Amended Complaint and on all other issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via process server on Defendant.

        Respectfully submitted,

        Ayo & Iken, PLC

        By:/s/James J. Wimsatt
           James Wimsatt, Esq.
           Florida Bar No. 68014
           703 West Bay Street
           Tampa, Florida 33606
           Telephone: (813) 774-4529
           Facsimile: (813) 200-8434
           E-Mail: James@MyFloridaLaw.com
           Secondary email: arely@myfloridalaw.com
           Attorney for Plaintiff