DocuSign Envelope ID: 29403309-4821-438C-82D2-2797F89CB4BD

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LORI PUTNAL,

     Plaintiff,

v.                                            Case No. 8:20-CV-00401-WFJ-JSS

BEECHWOOD HOTEL GROUP, LLC
d/b/a HILTON GARDEN INN,
LAKELAND,

     Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF**
**FLSA SETTLEMENT AND DISMISSAL CASE WITH PREJUDICE**

Plaintiff, Lori Putnal, and Defendant, Beechwood Hotel Group, LLC, respectfully move this Court, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, for entry of an order (1) approving their settlement as fair and reasonable and (2) dismissing Plaintiff's Complaint with prejudice.  As grounds for this Motion, the parties state as follows:

1.  Plaintiff, a former employee of Defendant, has alleged that she worked 234.25 hours of overtime, entitling her to overtime wages of $6,420.79 which she was not paid.

2.  Defendant asserts that Employee was properly classified as an exempt employee considering her job managerial duties and responsibilities as Food and Beverage Manager and disputes that she was legally entitled to overtime under the Fair Labor Standards Act, 29 U.S.C. § 203.

DocuSign Envelope ID: 29403309-4821-438C-82D2-2797F89CB4BD

3.   In order to avoid the time, expense and uncertainty of further litigation, the parties have entered into the settlement agreement attached hereto as **Exhibit A** ("**Settlement Agreement**").  The parties believe that the terms of the Settlement Agreement represent a fair and reasonable resolution of Plaintiff's claims.

4.   In accordance with *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the parties are presenting the Settlement Agreement to this Court for review and approval.

5.   Per the Settlement Agreement, Plaintiff will receive Three Thousand Dollars ($3,000) in settlement of her overtime wage claims and Three Thousand Dollars ($3,000) as independent consideration for execution of the Settlement Agreement and the releases, waivers and other provisions contained therein.  In addition, Plaintiff's counsel will receive Three Thousand Dollars ($3,000) for attorney fees and costs.

[SIGNATURE PAGE FOLLOWS]

DocuSign Envelope ID: 29403309-4821-438C-82D2-2797F89CB4BD

WHEREFORE, Plaintiff and Defendant request that this Court approve the

Settlement Agreement as fair and reasonable, dismiss Plaintiff's Complaint with

prejudice, and grant any other relief that this Court deems appropriate.

Dated: August  31, 2020

Respectfully submitted,

*James Wimsatt*
9E6262D321424B0...

James Wimsatt, Esq.
Florida Bar No. 68014

AYO & IKEN, PLC
703 West Bay Street
Tampa, FL 33606
Telephone: (813) 774-4529
Facsimile: (813) 200-8434
E-mail: james@myfloridalaw.com
Secondary E-mail: arely@myfloridalaw.com

*Counsel for Plaintiff*

Mark Arnot
Florida Bar Number 68147

ARNOT LAW
1025 Thoroughbred Lane
De Pere, WI 54115
Telephone: (920) 347-1969
E-mail: mark@arnotlaw.com

*Counsel for Defendant*

CONFIDENTIAL DRAFT 8/9/20 – SUBJECT TO RULE 408

## AGREEMENT AND RELEASE

This Agreement and Release ("**Agreement**") is executed by and between Lori Putnal ("**Employee**") and Beechwood Hotel Group, LLC dba Hilton Garden Inn Lakeland ("**Employer**," and together with Employee, the "**Parties**").

## RECITALS

A.      Employee was employed by Employer as a Food and Beverage Manager from early April 2018 until late August 2018. Employee was hired as a salaried, exempt employee.

B.      The Parties dispute whether Employee's job duties and responsibilities were sufficiently managerial or otherwise permitted Employee to be classified as an exempt employee who is not legally entitled to overtime.

C.      Employee claims that between late June 2018 and her separation from Employer, she worked a total of 234.25 hours of overtime (beyond 40 hours per week). She also claims that her effective pay rate was $18.27 per hour, yielding an overtime rate of $27.41 ($18.27 x 1.5) and entitling her to $6,420.79 in overtime pay ($27.41 x 234.25).

D.      Employee further claims that she is entitled to an additional $6,420.79 in liquidated damages as well as attorney fees and costs.

E.      Employee filed a civil action ("**Lawsuit**") against Employer, which is currently pending in the U.S. District Court for the Middle District of Florida ("**Court**") (Case No. 8:20-CV-00401-WFJ-JSS).

F.      Between late June 2018 and Employee's separation from Employer, Employee continued to receive the benefits provided to employees classified as salaried, exempt. These benefits, which included accruing paid time off at an increased rate and having her entire health insurance premium paid by Employer, are not provided to non-exempt employees.

G.      Employee never received approval to work any overtime, and she was aware of Employer's policy requiring prior approval before working any overtime.

H.      During her tenure with Employer, Employee never informed the General Manager or another supervisor that she was not receiving her full pay or that there were any issues with her paychecks. Employee was aware of Employer's policy requiring employees to promptly notify Employer of any paycheck issues.

I.      In order to avoid the costs and uncertainty of litigation, the Parties have agreed on a fair and reasonable settlement to resolve all potential claims and disputes between them arising from the employment relationship or otherwise, as stated herein.

_____ Employee
**TDA** Employer

1 of 7

Exhibit A

CONFIDENTIAL DRAFT 8/9/20 – SUBJECT TO RULE 408

## AGREEMENT

The Parties, intending to be legally bound, agree as follows:

1.  Payment.

    a.    In consideration for Employee signing this Agreement, including the Release set forth in Section 2 below, Employer will pay Employee the gross amount of **Nine Thousand Dollars ($9,000.00)** ("**Payment**"). Employer will make the Payment to Employee's counsel within fourteen (14) days once this Agreement has been fully executed and approved by the Court and the Lawsuit has been dismissed with prejudice.

    b.    Of the Payment, Three Thousand Dollars ($3,000) is in settlement of Employee's overtime wage claims; Three Thousand Dollars ($3,000) is for attorney fees and costs; and the remaining Three Thousand Dollars ($3,000) is independent consideration ("**Independent Consideration**") for execution of this Agreement and the releases, waivers and other provisions contained herein. With respect to the portion of the Payment made in settlement of Employee's overtime wage claims, Employer will make tax withholding and other deductions as applicable to Employee's wages.

    c.    Employer maintains that no compensation is owed to Employee, as Employee was correctly classified as exempt from overtime pay in light of her job responsibilities; however, Employer is entering into this Agreement in the interest of resolving all issues between Employer and Employee.

    d.    Employee affirms that she is receiving full compensation for all hours worked for Employer as well as independent consideration in exchange for Employee's execution of this Agreement and the releases contained herein. Employee acknowledges that no additional compensation, legal fees and costs, or payment of any kind is due from Employer.

    e.    **The Parties hereby knowingly and voluntarily waive, to the fullest extent permitted by law, any right to trial by jury of any dispute, whether in contract, tort or otherwise, arising out of, in connection with, related to or incidental to this Agreement or Employer's employment of Employee.**

2.  Release.

    a.    In consideration of the Payment, Employee releases and forever discharges Employer from any and all claims or demands past or present, known or unknown, of every kind and nature whatsoever that Employee has or may have, whether in law or in equity, contract or tort, arising on or before the date of Employee's execution of this Agreement. Employee specifically releases all claims that Employee may have or may have had relating to Employee's employment with Employer, including under:

        i.    The law of any jurisdiction including, but not limited to claims for unequal or discriminatory pay; wrongful discharge of employment; constructive

_____ Employee
TDA  Employer

2 of 7

CONFIDENTIAL DRAFT 8/9/20 – SUBJECT TO RULE 408

discharge from employment; discrimination; breach of contract, both express and implied; breach of a covenant of good faith and fair dealing, both express and implied; promissory estoppel; negligent or intentional infliction of emotional distress; negligent or intentional misrepresentation; negligent or intentional interference with contract or prospective economic advantage; unfair business practices; defamation; libel; slander; negligence; negligent hiring, supervision or retention; personal injury; assault; battery; invasion of privacy; false imprisonment and conversion;

ii.      Any federal, state or municipal statute, including but not limited to, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act, the Fair Labor Standards Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Worker Adjustment and Retraining Act, the National Labor Relations Act, the False Claims Act, and the Florida Civil Rights Act, or any other federal, state or local constitutional provisions or laws or regulations prohibiting employment discrimination, harassment or retaliation.

b.      "Employer," as used in Sections 2 of this Agreement, includes any and all associated entities of Employer, Beechwood Lakeland Hotel, LLC, and Oasis Outsourcing HR, Inc., including any of the foregoing's parent entities, subsidiaries, principal entities, business units, platforms, affiliated or related entities, franchisors, franchisees, divisions, successors, assigns; and all of their past, present and future owners, officers, directors, operators, members, shareholders, insurers, payroll and/or human resource service providers, attorneys, agents, representatives, and employees.

c.      Notwithstanding anything to the contrary in this Agreement, Employee is not waiving rights or claims that may arise after the date this Agreement is executed, and Employee is not releasing any claims which by law may not be released by private agreement, including any right Employee may have to file an administrative charge or complaint with the Equal Employment Opportunity Commission, National Labor Relations Board, or any other government agency charged with enforcement of any law. However, Employee expressly waives any right Employee may have to recover money damages or receive any other personal recovery or relief in connection with any such right, charge or complaint.

d.      Employee warrants that, other than the Lawsuit, she has no pending legal claims, complaints or charges against Employer.

3.      Non-Admission.

This Agreement does not constitute an admission by Employer that it in any way violated Employee's legal rights or is otherwise in any way liable to Employee, and Employee agrees that Employee will never contend that this Agreement constitutes such an admission.

___ Employee
TDA_ Employer                              3 of 7

CONFIDENTIAL DRAFT 8/9/20 – SUBJECT TO RULE 408

4.    Non-Disparagement.

Except as otherwise provided in Section 2(c), Employee agrees to refrain from all conduct, oral, written or otherwise, that disparages or damages or could disparage or damage the reputation, good will, or standing in the community of Employer or any of its parent entities, subsidiaries, business units, platforms, affiliated entities, franchisors, divisions, successors or assigns; or any and all of Employer past, present and future owners, officers, directors, operators, members, shareholders, insurers, payroll providers, attorneys, agents, representatives, and employees.

5.    Return of Property.

Employee warrants that Employee has returned to Employer all employee manuals, keys, access devices/cards, records, correspondence, documents, financial data, plans, computers, computer disks, computer tapes, sales reports, customer lists, and other tangible property (including information stored on any computer or other electronic device of any kind) in Employee's possession or under Employee's control belonging to Employer, and Employee will not retain any copies or reproductions thereof. In the event Employee possesses electronically stored information falling in the categories described in this paragraph, but which Employee is unable to return to Employer, Employee will destroy said information.

6.    Acknowledgements.

**Employee has thoroughly read this Agreement, has been and is hereby advised and given the opportunity to consult with an independent attorney, and is executing the Agreement knowingly and voluntarily with full understanding of its terms.**

7.    Court Approval.

Within three (7) days following expiration of the seven-day revocation period described in Section 12 of this Agreement, Employee or Employer shall file a joint motion (substantially in the form attached hereto as **Exhibit A**) requesting Court approval of this settlement agreement and full dismissal of the Lawsuit with prejudice. If the Court declines to approve this settlement and dismiss the Lawsuit with prejudice, this Agreement shall immediately become null and void as if the Parties had never entered into it.

8.    Entire Agreement; Recitals Incorporated.

This Agreement contains the entire understanding between the Parties and supersedes all prior oral and written agreements between the Parties. This Agreement shall not be modified, amended, or terminated unless such modification, amendment, or termination is executed in writing by the Parties. This Agreement shall be considered jointly drafted by the Parties and not interpreted in favor of either Party. The above Recitals are hereby incorporated into this Agreement as if fully set forth herein.

_____ Employee                                        4 of 7
**TDA**_ Employer

CONFIDENTIAL DRAFT 8/9/20 – SUBJECT TO RULE 408

9.    Governing Law; Arbitration.

This Agreement is governed by the laws of the State of Florida without regard to choice of law principles.

To the fullest extent legally possible, all claims and disputes arising under or relating to this Agreement are to be settled by binding arbitration in the state of Florida or another location mutually agreeable to the parties.  The arbitration shall be conducted on a confidential basis pursuant to the Commercial Arbitration Rules of the American Arbitration Association.  Any decision or award as a result of any such arbitration proceeding shall be in writing and shall provide an explanation for all conclusions of law and fact and shall include the assessment of costs, expenses, and reasonable attorneys' fees.  Any such arbitration shall be conducted by an arbitrator with knowledge of or experience with the hospitality industry and shall include a written record of the arbitration hearing.  The parties reserve the right to object to any individual who shall be employed by or affiliated with a competing organization or entity.  An award of arbitration may be confirmed in a court of competent jurisdiction in the Middle District of Florida.

10.    Severability.

If any provision of this Agreement is held to be illegal, invalid or unenforceable, such provision shall be fully severable and this Agreement shall be construed and enforced as if such provision had never comprised a part of this Agreement, and the remaining provisions of this Agreement shall remain in full force and effect.

11.    Successors and Assigns.

This Agreement shall be binding on the Parties and on their respective heirs, administrators, representatives, executors, successors, and assigns.  This Agreement shall inure to the benefit of the Parties, as well as their heirs, administrators, representatives, executors, successors, and assigns.

12.    Consideration and Revocation Periods.

Employee acknowledges that she has been offered a period of at least twenty-one (21) days to consider this Agreement and has signed it voluntarily and of her own free will prior to the expiration of that period.  In doing so, Employee now has seven (7) days from the execution to revoke this Agreement.  At the expiration of that seven-day period, Employee's right to cancel this Agreement shall cease.  This Agreement will not become effective and binding until after the expiration of the seven-day revocation period.

13.    Attorney Fees.

If either party breaches this Agreement, the other party shall be entitled to recover all legal fees and costs, incurred in enforcing this Agreement, in addition to all remedies otherwise available for such breach.  The Parties acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but to injunctive relief to enjoin the actions of the breaching party, as well as legal fees and costs.

_____ Employee                          5 of 7
TDA Employer

CONFIDENTIAL DRAFT 8/9/20 – SUBJECT TO RULE 408

14.     No Right to Rehire.

Employee specifically waives any present and future claim to reinstatement or employment with Employer or its predecessors and successors in interest, assignees, parents, subsidiaries, affiliates, divisions, and related companies and entities at any time in the future and agrees not to apply for employment with the same at any time in the future. Should Employee be inadvertently rehired by Employer, Employees agrees that Employer can terminate Employee's employment immediately and such termination is authorized by this Agreement.

[SIGNATURE PAGE FOLLOWS]


_____ Employee
**TDA** Employer

6 of 7

CONFIDENTIAL DRAFT 8/9/20 – SUBJECT TO RULE 408

The Parties acknowledge that they have read and fully understand the terms of this Agreement, that they enter into this Agreement knowingly and voluntarily, and that they agree to all the terms and provisions, effective as of the date stated above:

EMPLOYEE:

Lori Putnal                                    Date  8/13/2020

EMPLOYER:

Beechwood Hotel Group, LLC dba Hilton Garden Inn Lakeland

By                                             Date  8/16/2020
Thomas D. Arnot
Managing Member

Employee
TDA Employer

7 of 7